The case was submitted on briefs.

*Tommy Birks*, pro se.

BARTHELENE WADJA,[1] petitioner. July 2, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Review of interlocutory action. *Electronic Surveillance.*

Barthelene Wadja (petitioner) appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3. We affirm.

The petitioner's son (defendant) has been charged in the District Court with assault and battery on a person over sixty years of age and with resisting arrest. The petitioner is the alleged victim. The defendant moved to suppress a recording made by a third party, allegedly in violation of the wiretapping statute, G. L. c. 272, § 99. The recording includes statements made by the defendant and the petitioner. The motion was denied.[2] The petitioner sought relief under G. L. c. 211, § 3, on the ground that the introduction of the recording into evidence in the defendant's trial would violate her privacy rights.

The matter is before us on a memorandum and appendix filed by the petitioner pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires her to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." It is clear that the denial of the motion to suppress can be reviewed on appeal, albeit not at the petitioner's behest, if the defendant is convicted of any offense. Nothing in G. L. c. 211, § 3, or rule 2:21 grants a nonparty to a criminal case, such as the petitioner here, standing to obtain review of an interlocutory order issued therein. Moreover, the Legislature has expressly provided a civil remedy, including compensatory and punitive damages as well as attorney's fees, for any aggrieved person whose oral or wire communications are unlawfully intercepted, disclosed, or used, or whose privacy is violated by means of an unauthorized interception. G. L. c. 272, § 99 Q. The petitioner does not address this remedy or explain why it would not be adequate to vindicate her privacy interests. In these circumstances, therefore, she has not carried her burden of establishing that she lacked an adequate remedy other than resort to this court's general superintendence power under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jennifer H. O'Brien* for the petitioner.

---

[1] We spell the petitioner's name as it appears on the petition she filed in the county court.

[2] The defendant applied for leave to prosecute an interlocutory appeal from the denial of the motion to suppress. Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). His application was denied.